Jin v. Holder
BIA
Wright, IJ
A089 200 307

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand fourteen.

PRESENT:
DENNIS JACOBS,
PIERRE N. LEVAL,
ROBERT D, SACK,
*Circuit Judges.*

_____

CHU YAN JIN, AKA KIM YUNG SUN,
*Petitioner,*

v.                                              13-306
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Evan Goldberg, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Ada E. Bosque,
                         Senior Litigation Counsel; Nicole N.
                         Murley, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Chu Yan Jin, a native and citizen of the People's Republic of China, seeks review of a December 31, 2012, decision of the BIA affirming the July 8, 2011, decision of Immigration Judge ("IJ") Virna A. Wright, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Chu Yan Jin*, No. A089 200 307 (B.I.A. Dec. 31, 2012), *aff'g* No. A089 200 307 (Immig. Ct. N.Y. City July 8, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B)*; see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For applications such as Jin's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "considering the

2

totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements, without regard to whether they go "to the heart of [her] claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. Here, the IJ reasonably based the adverse credibility determination on Jin's vague and implausible testimony, inconsistencies between her testimony and asylum applications, and her non-responsive demeanor.

The IJ reasonably found that Jin's vague testimony affected her credibility given that, despite opportunities to provide more detail, she could not articulate her critique of China's domestic policy, which she asserted led to her arrest and detention. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2008) (noting that testimonial vagueness may support an adverse credibility determination once the applicant has been asked for more details). The IJ also reasonably relied on the following inconsistencies in

3

finding Jin not credible: (1) Jin's inarticulate testimony regarding the contents of her essay and letter to the Chinese government, though she provided a detailed, sophisticated explanation of their contents in her asylum applications; and (2) Jin's testimony that she sent the letter in September 2007, though she stated August 2007 in her application. *See* 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *Xiu Xia Lin,* 534 F.3d at 167 (providing that an IJ may support an adverse credibility determination with any inconsistency).

Moreover, the IJ reasonably found implausible both: (1) Jin's testimony that she hid from the police in her home though they knew where she lived; and (2) Jin's testimony that she did not know the date on which she was to appear in court on the charge that she assaulted an interrogating officer. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007) (finding that the reasons for an implausibility finding must be evident in the record).

Although Jin explained that she did not remember these details or was not paying attention when she wrote the letter, the IJ reasonably rejected her explanations because she provided these details in her applications. *See Majidi*

4

*v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Jin additionally asserted to the BIA that her post-traumatic stress disorder caused her forgetfulness, but she failed to first provide this explanation or any evidence demonstrating her condition to the IJ.

Given Jin's vague and implausible testimony, the inconsistencies, and her demeanor, the totality of the circumstances supports the agency's adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

Jin argues that she established her eligibility for withholding of removal based on her practice of Christianity because the IJ did not discredit that testimony.  However, Jin testified that she feared harm in China only based on her fear of punishment for fleeing criminal prosecution.  Thus, her withholding claim relied on the same discredited factual predicate as her asylum and CAT claims. As the only evidence of a threat to Jin's life or freedom, or that she was likely to be tortured, depended on her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, as well as withholding of removal and CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk